UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGINIA K. CULBREATH,

      Plaintiff,

v.                                     CASE NO. 8:12-CV-866-T-30MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action for review of the administrative denial of disability insurance benefits (DIB), period of disability benefits, and supplemental security income (SSI). *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff contends that the Administrative Law Judge (ALJ) failed to (1) properly consider the opinion of her treating neurologist, (2) properly evaluate her subjective complaints of pain and make a credibility determination, and (3) pose a hypothetical question to the vocational expert that included all of Plaintiff's limitations. After considering the parties' briefs and the administrative record in this case, I recommend the matter be remanded for further administrative proceedings.

    *A.*    *Background*

Claimant Virginia Culbreath was born on March 3, 1961. (R. 34) She quit school in the eleventh grade and has past work experience as a cashier and phone operator. (*Id.*) Claimant alleged disability commencing March 11, 2008. (R 21) After a hearing, the ALJ found Claimant had the severe impairments of "obesity, history of knee problems, lumbar spine degenerative disc

desiccation, bulges and stenosis, and cervical spine spurs and stenosis." (R 23) Aided by the testimony of a vocational expert, the ALJ determined the Claimant was not disabled as she had the residual functional capacity (RFC) to perform a limited range of sedentary work with the following restrictions: she can "sit for a total of six hours during an eight hour workday, and stand and/or walk for two hours during an eight hour workday. She should not climb ladders, scaffolds, ropes or at [sic] open heights. The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. She should avoid working with moving dangerous machinery, extreme vibrations, and extreme temperatures." (R. 31) The ALJ also found that, with this RFC, the Claimant could perform her past relevant work as a phone operator and some sedentary level cashiering with a sit/stand option. (R 34) The Appeals Council denied review. Plaintiff, who has exhausted his administrative remedies, filed this action.

    B.    *Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§

404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

*C. Discussion*

Plaintiff argues the ALJ erred in three ways: (1) he failed to properly consider the opinion of Ralph Gonzalez, M.D., her treating neurologist, who determined Plaintiff needed crutches or a cane; (2) he posed an incomplete hypothetical question to the VE that did not include a limitation for use of a cane; and (3) he improperly evaluated her subjective complaints of pain. I discuss each of these arguments below and conclude that this case should be remanded to the ALJ for further findings.

*1. Treating physician*

Plaintiff first argues that the ALJ failed to assign weight to Dr. Gonzalez's opinions that Plaintiff requires the use of crutches or a cane and is unable to work. The Commissioner counters that Dr. Gonzalez's statements are not "medical opinions" but instead are "tentative and hypothetical and . . . made when Dr. Gonzalez was not fully informed about Plaintiff's condition . . ." (Doc. 18 at 5).

Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (*quoting* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). A court must give a treating physician's opinions substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause for disregarding such opinions "exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary

finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citation omitted).

With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate the reasons for doing so." *Winschel*, 631 F.3d at 1179 (*quoting Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Additionally, the ALJ must state the weight given to different medical opinions and the reasons therefor. *Id*. Otherwise, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart*, 662 F.2d at 735.

Dr. Gonzalez treated Plaintiff for back and leg pain six times between September 2007 and October 2008, at the referral of Robert Brochu, M.D., Plaintiff's primary care doctor. In September 2007, Dr. Gonzalez diagnosed Plaintiff with chronic low back and leg pain. (R. 368-70) At that point, he noted Plaintiff was able to get up from a chair by holding onto the arms for assistance, was able to start walking without assistance but used a crutch to help with her gait, and had adequate balance. (*Id.*) He prescribed Lortab, Flexeril, Ibuprofen, Cymbalta, and Temazepam. (*Id.*) In March 2008, Dr. Gonzalez indicated that Plaintiff's back "is not surgical at the moment" but her "neck may be." (R. 372) He referred her to Kevin Boyer, M.D., a neurosurgeon, for a consultation on her neck; Plaintiff saw Dr. Boyer a month later. (R. 362-63) Dr. Boyer ordered lumbar and cervical spine MRIs (R. 358-61), which Plaintiff underwent, but he ultimately referred Plaintiff to a physiatrist for "traction of neck prior to surgery." (R. 371)

In the meantime, in June 2008, Plaintiff underwent a consultative evaluation by Fathy Saad, M.D. Dr. Saad opined that Plaintiff's gait and stance were normal. (R. 375) According to Dr. Saad, Plaintiff's "on and off" use of a cane was not medically necessary as a cane had not been ordered by

5

one of her treating physicians and "the claimant was walking with and walking without the cane with no changes . . ." (*Id.*). He diagnosed morbid obesity, degenerative disc disease of the cervical and lumbar spine, left knee osteoarthritis, carpal tunnel syndrome, and anxiety. (R. 377)

A month later, Plaintiff saw Dr. Gonzalez again and, with the recent consultation with Dr. Saad in mind, asked Dr. Gonzalez for a letter indicating that her left crutch is medically necessary. In his treatment note after the visit, Dr. Gonzalez stated it is "[m]edically necessary for [Plaintiff] to use the canadian crutch as she has balance problems and left leg will occasionally buckle."[1] (R. 480) In a follow-up visit in August 2008, Dr. Gonzalez also opined that Plaintiff "really is not able to work because of her back and leg pain predominately." (R. 479)

The ALJ summarized Dr. Gonzalez's treatment records, including his statement that she needs a crutch, but did not state the weight he assigned to Dr. Gonzalez's opinions and did not mention the neurologist's conclusion that Plaintiff is unable to work. (R. 28) The ALJ did discount the opinions of Dr. Brochu that Plaintiff is unable to work and Eugenio Alcazaren, M.D. (a one-time examiner who opined in 2005 – three years before Plaintiff's onset date – that she was limited to very sedentary positions) by relying on Dr. Saad's evaluation. (R. 33-34)  Specifically, the ALJ discounted Dr. Brochu's opinion because it relied too heavily on Plaintiff's subjective complaints and was contradicted by Dr. Saad's observation that Plaintiff's Canadian crutches were not medically necessary.

The ALJ's conclusions suggest that he did not give Dr. Gonzalez's opinions controlling weight. It is possible that the ALJ rejected Dr. Gonzalez's finding that Plaintiff required a cane and

---

[1] A Canadian crutch is a forearm crutch that requires the user to put her arm through a plastic cuff to grasp the crutch.

is not able to work for the same reasons he rejected Dr. Brochu's opinion, "but without clearly articulated grounds for such a rejection, [the Court] cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179. What is more, Dr. Gonzalez determined that it *is* medically necessary for Plaintiff to use a cane. This substantially weakens the ALJ's rationale for discounting Dr. Brochu's opinion. And although I recognize that the ultimate issue of whether Plaintiff is able to work is one reserved for the Commissioner and one as to which the opinion of a treating physician is not entitled to special significance, 20 C.F.R. § 404.1527(e)(1), (3), the ALJ's decision still must address the treating physician's opinion and state the weight afforded it. *See* SSR 96-5p, 1996 WL 374183, at *1 (July 2, 1996) ("[O]pinions from any medical source about issues reserved to the Commissioner must never be ignored, and . . . notice of the determination or decision must explain the consideration given to the treating source's opinion(s)"). The ALJ did not follow this ruling here. Of course the use of a cane is not determinative of disability, but the ALJ did not explain how he reasoned that Plaintiff is capable of standing and walking – as well as occasionally climbing, balancing, stooping, kneeling, crouching, and crawling – in light of Dr. Gonzalez's finding that she must use a cane to walk.[2]

The Commissioner's argument that Dr. Gonzalez was not fully informed when he determined Plaintiff's use of a cane is medically necessary is without merit. To the contrary, Dr. Saad did not

---

[2] Social Security Ruling 96-9p, for example, contains guidelines for evaluating a claimant's ability to do less than a full range of sedentary work. The ruling provides that "[f]or example, an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still have the ability to make an adjustment to sedentary work that exists in significant numbers." SSR 96-9p, 1996 WL 374185, at *7 (July 1996).

have the benefit of Dr. Gonzalez's full opinion when he conducted his evaluation. In her brief, the Commissioner casts doubt on the veracity of Dr. Gonzalez's opinion, as it followed closely on the heels of Dr. Saad's contrary finding. But the ALJ did not state this in his opinion, and it is clear from Dr. Gonzalez's treatment notes that he was not privy to Dr. Saad's conclusions. (*See* R. 480) The ALJ did not give specific reasons for his implicit rejection of Dr. Gonzalez's opinions and, consequently, I cannot conclude that the ALJ's decision is supported by substantial evidence. "Because we cannot substitute our judgment for that of the Commissioner," I recommend remand for the ALJ to properly evaluate Dr. Gonzalez's opinions. *Davis v. Comm'r of Soc. Sec.*, 449 F. App'x 828, 833 (11th Cir. 2011) (citation and internal quotations omitted). If the ALJ declines to assign Dr. Gonzalez's opinion controlling weight, he must provide good reasons for his decisions. *Id*.

        2.     *Vocational expert*

Next, Plaintiff argues that the ALJ posed an incomplete hypothetical to the VE because none of the questions included a limitation for a cane or crutch. The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996); *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987). If, upon remand, the ALJ finds that the limitations articulated by Dr. Gonzalez are not credible, he is not required to include these limitations in the hypothetical question. However, if the ALJ credits Dr. Gonzalez's statements, he must incorporate these limitations into any hypothetical.

       3.    *Subjective Complaints of Pain*

Because I find remand is appropriate due to the ALJ's failure to properly evaluate medical opinions, it is unnecessary to address the Plaintiff's remaining contention that the ALJ erred in evaluating Plaintiff's subjective complaints of pain.

D. *Conclusion*

For the reasons stated, I recommend:

(1) that judgment be entered for the Plaintiff and the matter remanded for further administrative proceedings consistent with this report; and

(2) the Clerk be directed to enter judgment for Plaintiff.

IT IS SO REPORTED at Tampa, Florida on August 6, 2013.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attaching the factual findings on appeal. 28 U.S.C. § 636(b)(1).